I agree completely with the opinion of the Court. I write separately to point out that we have not overlooked Boggan v.State, 455 So.2d 228 (Ala.Crim.App. 1984), in which the Court of Criminal Appeals held that a similar remark of the district attorney during closing arguments was not error. This Court denied certiorari. On its face, it would appear that the argument "approved" in Boggan has been disapproved in the instant case.
It is this apparent inconsistency that needs clarification. Our denial of certiorari in Boggan was not intended to signify approval of the district attorney's argument as "reply in kind." Certiorari was denied because Boggan's life withoutparole sentence, as opposed to the death sentence, rendered moot this ground of his petition. If we had granted certiorari, his only relief would have been a new sentencing hearing. Because he had already received the lesser of the only two options available (life without parole), we denied certiorari.
Here, Rutledge was sentenced to death. In this context, the district attorney's improper jury argument during the sentencing hearing is a viable, reviewable issue, and one which requires our reversal and remand for a new sentencing hearing.